IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                          21-MJ-722 CG
                                                                                             CR 21-1170 KG
LUIS HERNANDEZ-BORJA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant's Notice of Appeal of Detention Order (Doc. 25) and Defendant's Motion to Request Pretrial Release (Doc. 28). The Notice of Appeal of Detention Order and Motion to Request Pretrial Release are fully and timely briefed. *See* (Docs. 29 and 30). A video conference hearing was held in this matter on August 5, 2021. Luke Matthew Rizzo Cascio represented the United States at the hearing, and Danielle Phillips represented Defendant, who was present by video and knowingly waived his right to be physically present for the hearing. *See* (Doc. 27). United States Probation Officer Monica Hoyle was also present at the hearing. Since the hearing, the Defendant has been indicted by a Grand Jury charging a violation of 8 U.S.C. § 1326(a)(1) and (2).

The Court has considered the following without any objection from the parties: Notice of Appeal of Detention Order, the Motion to Request Pretrial Release, the briefing, the Criminal Complaint (Doc. 1), the Order of Detention (Doc. 15), Defendant's motion to reconsider the Order of Detention (Doc. 19), the response to the motion to reconsider (Doc. 20), the Amended Pretrial Services Report (Doc. 22), the Clerk's minutes of the hearing on the motion to

1

reconsider (Doc. 23), and the Order denying Defendant's motion to reconsider the Order of Detention (Doc. 24). No testimony or exhibits were offered.

Having considered the filings, the arguments of counsel in the briefs and in open court, as well as the applicable law, and for the following reasons, the Court denies the motion and orders Defendant to remain in pretrial custody.

*I. Standard of Review and Applicable Law*

"The standard of review for the district court's review of a magistrate judge's detention or release order under [18 U.S.C.] § 3145(a) is de novo." *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003). "A defendant may be detained pending trial if a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *United States v. Mobley*, 720 Fed. Appx. 441, 444 (10th Cir. 2017) (citing 18 U.S.C. § 3142(e)(1)). "The government bears the burden of proving risk of flight by a preponderance of the evidence and dangerousness to any other person or the community by clear and convincing evidence." *Id.* (citing *Cisneros*, 328 F.3d at 615).

In deciding whether to release or detain a defendant pending trial when a crime of violence is not charged,[1] Section 3142(g) provides various factors for the court to consider:

> **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> **(2)** the weight of the evidence against the person;
> **(3)** the history and characteristics of the person, including--

---

[1] When a crime of violence is charged, "a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community…." 18 U.S.C. § 3142(e)(2). This presumption does not apply here and the United States concedes Defendant is not a danger. (Doc. 20).

2

>> **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>> **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## II. Findings

### A. Nature and Circumstances of the Offense Charged

Defendant is charged with reentry after a deportation based on a conviction for the commission of an aggravated felony. *See* 8 U.S.C. § 1326(a)(1) and (b)(2). Specifically, on June 18, 2010, Defendant was convicted in California of robbery and sentenced to 365 days of imprisonment and three years of probation. (Doc. 22) at 5. Following that conviction, Defendant was removed from the United States to Mexico on September 1, 2010. *Id.*

On May 26, 2021, a United States Border Patrol Agent encountered Defendant in Dona Ana County, New Mexico. (Doc. 1) at 1. When asked about his citizenship by the United States Border Patrol Agent, Defendant responded "that he was a citizen of Mexico and national of Mexico, present in the United States without Immigration Documents that would allow him to be or remain in the United States legally." *Id.* "There is no evidence that the Defendant received permission from the Appropriate Authority to reapply for admission into the United States." *Id.*

The nature and circumstances of the offense charged, reentry, by its nature involves the willful failure to comply with the authority of the United States and with court orders. This factor, therefore, favors detention.

### B. Weight of the Evidence Against Defendant

On September 1, 2010, Defendant was removed from the United States to Mexico following a felony conviction for robbery, an aggravated felony. Defendant later reentered the United States without "evidence that [he] received permission from the Appropriate Authority to reapply for admission into the United States." *Id.* On May 26, 2021, a United States Border Patrol Agent encountered Defendant in Dona Ana County. Upon questioning by the United States Border Patrol Agent about his citizenship, Defendant admitted that he is a Mexican citizen and national "present in the United States without Immigration Documents that would allow him to be or remain in the United States legally." *Id.* These facts weigh heavily against Defendant.

*C. History and Characteristics of Defendant*

Defendant, age 30, was born in Mexico. (Doc. 22-1) at 2. His family relocated to Los Angeles, California when he was five years old. *Id.* Defendant states that since he was five years old he has resided at the same address in Los Angeles with his mother, stepfather, and two siblings, who are United States citizens. *Id.* Defendant has never met his biological father. *Id.*

Defendant has been married to Bridgette Amores-Corroltopn for ten years. *Id.* They have four children who range in age from one to eight years old. *Id.* When asked, Defendant declined to disclose where his wife and children reside, or the citizenship status of the children. *Id.* Despite Defendant's assertion that he has only resided in Los Angeles since he was five years old, Defendant's mother states that Defendant has lived in Mexico for 10 years. *Id.*

Defendant's family and community ties to the United States are a neutral factor at best. Considering that Defendant has apparently been living in Mexico for 10 years, it is not sufficiently clear whether Defendant's family ties in the United States are sufficiently strong to mitigate any risk of flight. On the other hand, the Court infers from Defendant's reluctance to disclose the whereabouts of wife and young children that they reside in Mexico. The presence of

4

Defendant's wife and young children in Mexico significantly increases the risk that Defendant will flee to join them.

The Court further notes that, at age 18, Defendant was arrested on two occasions. *Id.* at 5. On October 22, 2009, Defendant was charged with possessing a drill and vandalism for which he was sentenced to three days in jail and 24 months of probation. *Id.* On December 1, 2009, Defendant was arrested for robbery, but the prosecution declined to pursue that case due to "lack of sufficient evidence." *Id.* Then, Defendant, age 19, was arrested on April 3, 2010, for robbery. *Id.* Defendant was convicted of that charge on June 18, 2010, and sentenced to 365 days of imprisonment and three years of probation. *Id.* Shortly, thereafter, on September 1, 2010, Defendant was removed from the United States to Mexico. *Id.* Finally, Defendant was arrested for the instant reentry offense on May 26, 2021.

While Defendant's prior arrests and convictions are approximately 10 years old, the two convictions show a propensity to engage in progressively more serious crimes with little regard for the victims or the law. The current reentry offense also shows that Defendant continues to disregard the law, including court orders and the authority of the United States. Notably, Defendant recently misled court authorities by indicating he has resided in Los Angeles since he was five years old when his mother stated that Defendant resided in Mexico for 10 years. In other words, Defendant remains undeterred from disregarding the authority of the court and the United States. Moreover, the Court is not persuaded that any condition or combination of conditions in this case, such as a bond, a third-party custodian, would mitigate the risk of non-appearance.

Having considered the foregoing Section 3142(g) factors, the Court concludes by a preponderance of evidence that Defendant is a risk of flight and that no condition or combination of conditions will assure his appearance as required. The inquiry ends there.

To the extent Defendant relies on *United States v. Ailon-Ailon*, 875, F.3d 1334 (10th Cir. 2017), to support his contention he should be released, the Court is not persuaded as that opinion is inapposite. It remains plain from Section 3142(g), immigration status and likelihood of removal or deportation are not listed as a factors to be considered, and no categorical presumption of detention can be based solely on immigration status. The Court does not agree, however, that immigration status cannot be relevant in a case such as Defendants, i.e., violation of Section 1326(a)(1) and (2), to the analysis under Section 3142(g).

*III. Conclusion*

Weighing the Section 3142(g) factors, in particular the weight of the evidence, ties to Mexico, Defendant's history of willfully violating the law and misleading court authorities, the Court concludes that a preponderance of the evidence shows that Defendant is a flight risk and no condition or combination of conditions will reasonably assure his appearance as required.

IT ORDERED that

1. Defendant's Motion to Request Pretrial Release (Doc. 28) is denied; and

2. Defendant will remain in pretrial detention.

_____
UNITED STATES DISTRICT JUDGE